1
2
3
4
5   **UNITED STATES DISTRICT COURT**
6   **DISTRICT OF NEVADA**
7   MARY KAREN MORETTI,                   2:08-CV-396 JCM (GWF)
8           Plaintiff,
9   v.
10  WYETH, INC., et al.,
11          Defendants.
12
13
14                                    **ORDER**

15  Presently before the court is plaintiff Mary Karen Moretti's motion to alter and/or amend
16  judgment. (Doc. #260). Defendants filed an opposition (doc. #261), and plaintiff filed a reply (doc.
17  #262).

18  This case stems from the alleged injuries suffered by plaintiff as a result of ingesting the
19  defendants' generic drug, metoclopramide. In her complaint, plaintiff asserts several claims against
20  the defendants, including strict products liability, breach of warranty, negligence and fraud.
21  Plaintiff's claims relate to the alleged false or misleading nature of the labeling on the drug. It is
22  undisputed that the labeling and packaging used by the defendants for their generic drug was at all
23  times approved by the Federal Food and Drug Administration.

24  **Procedural History**

25  After holding a hearing on the parties' respective motions for summary judgment and
26  defendants' motion to dismiss, the court granted the defendants' motion for summary judgment (doc.
27  #206), denied defendants' motion to dismiss based on federal preemption (doc. #198), and denied
28

**James C. Mahan**
**U.S. District Judge**

1   the plaintiff's motion for summary judgment (doc. #196). (Doc. #252). Following the court's ruling,
2   defendants filed a motion to amend/correct the judgment (doc. #254), asserting that (1) the proposed
3   and signed order did not accurately reflect the court's findings of fact and conclusions of law in
4   support of the granting of their motion, and (2) it does not accurately reflect the court's statements
5   at the oral hearing regarding the resolution of their motion to dismiss.

6       Subsequently, the court issued an order (doc. #259) addressing these concerns, which
7   accurately reflected what the court stated during the hearing. Specifically, the order held that (1)
8   "[r]ather than ruling that the claims were not preempted by federal law, the court actually held that
9   it was "reluctant to handle the case on that basis," and instead ruled on the merits of the motion for
10  summary judgment with regards to the issue of adequate warning, and (2) that the court stated during
11  oral argument that "it wouldn't have made any difference here [if the statistics on the label were
12  correct], because she didn't read the label." Further, the court vacated the proposed signed order
13  (doc. #252), and entered the revised proposed order (doc. #255-1) as the final order in the case. (Doc.
14  #259).

15      In the final judgment (doc. #255-1), the court held that "there is no genuine issue of material
16  fact that (1) the labeling (also known as the package insert) for Pilva's metoclopramide met the
17  applicable statutory and regulatory requirements of being the same as the labeling for the [r]eference
18  [l]isted [d]rug, Reglan; (2) the labeling was approved by the FDA; and (3) the labeling warned that
19  tardive dyskinesia was a risk of metoclopramide use." Further, the court concluded that "as a result,
20  the label and warnings that accompanied the metoclopramide ingested by plaintiff were adequate as
21  a matter of law." Additionally, the court held that the plaintiff "cannot prove that any alleged
22  deficiency in Pliva's labeling was the proximate cause of any injury to [p]laintiff," because no
23  genuine issue exists as to the fact that she did not read the labeling or other information provided for
24  Pliva's drug.

25  **Motion to Alter and/or Amend Judgment**

26      In the plaintiff's motion (doc. #260), she asserts that this court's final order of judgment
27  contains errors of law and fact, and that a reconsideration is appropriate. Further, she contends that
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

the case should be reinstated in light of the Ninth Circuit's recent ruling in *Gaeta v. Perrigo Pharmaceuticals Company.* 630 F.3d 1225, 2011 WL 198420 (C.A. 9 (Cal.)), 11 Cal. Daily Op. Serv. 987, 2011 Daily Journal D.A.R. 1269. Since plaintiff is presenting the court with a change in controlling law that is relevant to the court's ruling, it is treating the motion as one for reconsideration.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 60(b).

**A.    Adequate As A Matter Of Law**

As previously stated, the court held that the warning was adequate as a matter of law because it was approved by the FDA and complied with the requirement to be the same as the brand name drug. In the motion to amend (doc. #260), plaintiff relies on the court's ruling in *Gaeta* in asserting that this finding was in error. She contends that the facts are essentially the same in both cases–that the generic drug manufacturer failed to adequately warn by changing its labeling once it became aware of newly discovered risks.

In *Gaeta v. Perrigo Pharmaceuticals Company,* the court held that despite the approval by the FDA and the compliance with the "same as" requirement, it is "clear that generic manufacturers, just like their name counterparts, *must* take specific steps when they learn of new risks associated with their products," and "*shall* revise their drug labeling to include a warning as soon as there is reasonable evidence of an association of a serious hazard with a drug." *Gaeta,* 630 F.3d 1231–1232; 21 C.F.R. § 201.57(e) (2004) (emphasis added)(internal quotations omitted). Further, the court held that there are several ways in which a generic manufacturer may amend its labeling or packaging to strengthen the warnings; "(1) the CBE process approved by the Supreme Court...; (2) the "prior approval" process; and (3) by asking the FDA to send "Dear Doctor" warning letters to health care professionals." *Id.*

Here, plaintiff alleges facts to support her assertion that the defendants were aware of new

1  risks associated with the drug, yet failed to take "specific steps" to revise the labeling. Specifically,
2  in the plaintiff's second amended complaint (doc. #161), she contends, among other things, that the
3  defendants (1) failed to investigate the accuracy of the drug label once they became aware of signals
4  indicating a safety issue, (2) failed to review the medical literature, (3) relied upon the name brand
5  to review the aforementioned literature, (4) failed to communicate the true and accurate risks and/or
6  prevalence of severe neurological side effects resulting from the drug, (5) failed to modify the
7  package insert "even after several injured patients filed lawsuits alleging inadequate warnings and
8  produced competent expert testimony supporting their allegations," and (6) failed to monitor, review,
9  and report any information relating to the long term use of the drug and ultimately "concealed"
10 material facts from physicians and patients.

11       Since plaintiff's complaint is premised upon the assertion that defendants knew of recently
12 discovered risks and failed to make any effort to change their labeling, this court finds that the case
13 fits squarely within the case before the Ninth Circuit in *Geata.* As in that case, summary judgment
14 is not appropriate here, because defendants, if they had knowledge of the new risks, should have
15 taken steps available to them to adequately warn of the risks associated with the drug. In light of
16 *Geata,* the label's mere compliance with the "same as" requirement and approval by the FDA do not
17 bar recovery and do not necessarily deem the warnings "adequate as a matter of law." Therefore, the
18 court's order (doc. #255-1) granting the motion for summary judgment based on this theory is
19 vacated.

20       **B.    Proximate Causation**

21       In the court's final judgment, it held that the plaintiff admittedly did not read any of the
22 packaging, labels, or inserts associated with the drug, and that, "as a matter of law," any alleged
23 deficiency could not be the proximate cause of the injury. (Doc. #255-1). In the plaintiff's motion
24 to alter or amend (doc. #260), she contends that the court erred, because the testimony clearly
25 indicated that although she did not read a "package insert," she did in fact read the actual bottle and
26 did ask her physician about possible side effects.

27       There is a duty not only to create an adequate warning, but also to communicate that warning
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1 to its intended recipients. *See United Stated v. State of Washington,* 251 F.2d 913, 916 (9th Cir.
2 1965), *citing Indian Towing Co. v. United States,* 350 U.S. 61 (1955). The FDA has clearly stated
3 that for certain drugs "the safe and effective use of the drug requires additional labeling in
4 nontechnical language to be distributed directly to patients by their healthcare provider or
5 pharmacist." *See* Guidance: Drug Safety Information – FDA's Communication to the Public (2007),
6 p. 7.[1] Therefore, plaintiff contends, if defendants had taken the steps necessary to adequately warn,
7 using the plethora of means available to communicate to the patients and physicians, she would have
8 seen the labeling on the bottle or been warned by her physician, and would "have stopped taking [the
9 drug] immediately."

10     This, she asserts, creates a genuine issue as to whether an adequate warning, sufficiently
11 communicated to the physicians and patients, would have reached her. In light of the "intervening
12 change in controlling law" in *Gaeta* that there are means by which generic manufacturers can amend
13 their warnings once they learn of risks, i.e. adding an additional warning on the bottle itself, the court
14 is inclined to vacate its ruling on the issue.

15     Accordingly,

16     IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Mary Karen
17 Moretti's motion to alter and/or amend judgment (doc. #260) be, and the same hereby is,
18 GRANTED.

19     IT IS THEREFORE ORDERED that the court's order (doc. #255-1) be, and the same hereby
20 is, VACATED.

21     IT IS FURTHER ORDERED that defendants' motion for summary judgment (doc. #206)
22 be, and the same hereby is, DENIED.

23 . . .
24 . . .
25 . . .

---

[1] Found at: http://www.fda.gov/downloads/ICECI/ComplianceManuals/ComplianceProgramManual/UCM125411.pdf

**James C. Mahan**
**U.S. District Judge**

- 5 -

1     IT IS FURTHER ORDERED that the above captioned case be reinstated.

2     DATED June 28, 2011.

_____
UNITED STATES DISTRICT JUDGE