UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARY KAREN MORETTI,

    Plaintiff,

v.

WYETH, INC., et al.,

    Defendants.

2:08-CV-396 JCM (CWH)

**ORDER**

Presently before the court is plaintiff Mary Karen Moretti's notice of supplemental authority. (Doc. #285).

On December 5, 2011, the court held a hearing on defendant PLIVA, Inc.'s motion to dismiss. (Doc. #282). The court granted the motion. The court found that the United States Supreme Court decision in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), controlled this case and required the court to dismiss the remaining state-law claims.

On January 31, 2012, plaintiff submitted a notice of supplemental authority. (Doc. #285). The notice canvassed courts from around the country that had ruled on this issue and stated that "the majority of courts to have considered similar issues in light of the [*Mensing* decision] have determined that certain claims are not preempted by federal law." (Doc. #285). Specifically, the notice argued that (1) failure to communicate warnings claims and (2) breach of implied warranty claims are not barred by the *Mensing* decision. (Doc. #285).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

### I. Failure to communicate warnings

Plaintiff first argues that "[n]umerous courts have indicated that claims that a generic manufacturer should have more effectively communicated information already appearing in FDA-approved labeling are not preempted by *Mensing*." (Doc. #285). Thus, plaintiff asserts that the *Mensing* holding is limited only to a claim that the generic drug manufacturer should have sent additional or new warning information not consistent with the drug's approved labeling. Accordingly, a state-law claim is viable so long as it asserts that the generic drug manufacturer should have made more efforts to send warnings "consistent with and not contrary to the drug's approved labeling." (Doc. #285).

This argument was addressed in the motion to dismiss briefing and oral argument. In its reply brief, defendant specifically asserted that plaintiff's failure-to-communicate theory of liability is not asserted in the second amended complaint. (Doc. #277).

The second amended complaint does not clearly assert a failure-to-communicate theory of liability. Thus, plaintiff is asking the court not to dismiss a claim that was not actually pled in the second amended complaint. The complaint asserts that the warning itself was inadequate, not that defendant failed to communicate the FDA-approved warning. (*See* Doc. #161). Plaintiff is attempting to insert a new theory of liability into her complaint since *Mensing* foreclosed the avenue she had previously chosen.

Finally, many of the cases plaintiff cites in the notice of supplemental authority dismiss the claims but also allow plaintiff to amend his/her complaint to assert a failure-to-communicate claim which comports with the *Mensing* decision. *See, e.g.*, *Metz v. Wyeth, LLC*, 2011 WL 5024448, at *8-9 (M.D. Fla. Oct. 20, 2011).

### II. Breach of implied warranty claims

Plaintiff next argues that breach of implied warranty claims survive *Mensing*. Plaintiff's arguments about the breach of implied warranty claims were not asserted in the motion to dismiss briefing. Plaintiff did not present any argument specifically asserting that the breach of implied warranty claims should survive post-*Mensing*. Thus, plaintiff is effectively seeking a third bite of

the apple, after the briefing on the motion and oral argument before the court.

Further, the content of the complaint makes it clear that the breach of implied warranty sounds in failure to warn.

Accordingly, the court reaffirms its prior order.

DATED February 27, 2012.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 3 -